UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

1 of 17

SACOREY CLARK,
LAVERNE HENDERSON,
        PLAINTIFF(s),

Certified Mail # 7019 1120 0000 5854 2054

        v.

CASE NO. #    20-749-JPG

WARDEN MR. E. WILLIAMS,
U.S. ATTORNEY GENERAL WILLIAM BARR,
BUREAU OF PRISONS DIRECTOR MICHAEL CARVAJAL,
MR. JAY BAGWELL,
MS. SANTIAGO,
JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, & JOHN DOE #4,
MR. PATTERSON,
MR. HARKINS,
MS. ROSALIN ROBINSON,
MR. PEREZ,
MR. SERIO,
MRS. DUGDALE,                           -- JURY TRIAL DEMANDED --
MS. HODGES,
MS. HERNANDEZ,
MS. HUSTON,
MRS. FITZPATRICK,
MR. ALLEN,
MR. JONES, &
MR. DOWDING,
        DEFENDANT(s).
                                        VERIFIED
PRO SE CIVIL ACTION COMPLAINT, UNDER 28 U.S.C. §1331, §1332(a), §1343(a)(3), & (a)(4), §1367,
AND 42 U.S.C. §1985(3), §1986

## JURISDICTION

1.      Jurisdiction of this Court is invoked, under 28 U.S.C. §1331, in that this a Civil Action, which brings Claim(s) Arising under the Law(s) of the United States and also the Constitution of the UNITED STATES.

2.      Claim(s) brought by PLAINTIFF(s) under 28 U.S.C. §1331, equally establishes that the Waiver of the Government's Sovereign Immunity exists under 5 U.S.C. §702 and applies to Only those claims for Specific relief asserted against DEFENDANT(s), in their Official Capacity. See: Mich. v. U.S. Army Corps of Eng'rs, 667 F.3d 765, 775 (7th Cir. 2011), "[T]he waiver in §702 is not limited only to claims brought pursuant to the review provisions contained in the APA itself."

3.      Jurisdiction of this Court also exists under 28 U.S.C. §1332(a), thus Diversity Citizenship Jurisdiction exists, where the Residence or Domocile for Prisoner(s), SACOREY CLARK (with State of Missouri Drivers License No.# A225176001) and LAVERNE HENDERSON, are presumed to be the State which each PLAINTIFF Named herein, had lived in before being imprisoned, which in this particular case had been the State of Missouri.
        See: Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991).

4.      SACOREY CLARK and LAVERNE HENDERSON, are the sole PLAINTIFF(s) in this Action, therefore No PLAINTIFF Named herein, is presumed to be a Citizen of the Same State, as Any of the DEFENDANT(s), herein Named. And equally the Actual Controversy and relief sought exceeds the Amount of $75,000, thus Diversity Jurisdiction in this matter is Complete.
        See: Wisconsin Dep't of Corrections v. Schacht  , 524 U.S. 381, 388, 118 S.Ct. 2047 (1998).

5.      Jurisdiction of this Court further exists under 28 U.S.C. §1343(a)(3) & (a)(4), with respect to the existing Ultra Vires Conduct being linked to the fact(s) being pleaded herein.

6.      Jurisdiction of this Court also further exists under 28 U.S.C. §1367, with respect

to the existing Ultra Vires Conduct being linked to the fact(s) being pleaded herein.

7.      Jurisdiction of this Court also further exists for PLAINTIFF(s) to obtain redress of their Ethnic Discrimination Claim(s) and/or Racial Discrimination Claim(s), under 42 U.S.C. §1985(3), along with Failure or neglect to prevent the said Conspiracy, under 42 U.S.C. §1986, in this Civil Action, where the Ultra Vires Conduct exhibited equally derive from a common nucleus of operative fact(s), <u>Sanchez & Daniels v. Koresko</u>, 503 F.3d 610, 614 (7th Cir. 2007).

## STATEMENT OF PARTIES

8.      PLAINTIFF(s) SACOREY CLARK and LAVERNE HENDERSON, at all times relevant have been held in custody, in the City of Greenville, Illinois, at FCI - GREENVILLE.

9.      DEFENDANT MR. E. WILLIAMS, at all times relevant has been the Warden or otherwise has been the Associate Warden, at FCI - GREENVILLE.

10.     DEFENDANT MR. WILLIAM BARR, at all times relevant has been the U.S. ATTORNEY GENERAL for the United States, including the U.S. BUREAU OF PRISONS and its Director, whom are under his Supervision.

11.     DEFENDANT MR. MICHAEL CARVAJAL, at all times relevant has been the Director of the U.S. Bureau of Prisons, whom is also the supervisor over FCI - GREENVILLE & its Staff.

12.     DEFENDANT MR. JAY BAGWELL, at all times relevant has been an Executive Staffmember at FCI - GREENVILLE.

13.     DEFENDANT MS. SANTIAGO, at all times relevant has been an Associate Warden at FCI - GREENVILLE.

14.     DEFENDANT JOHN DOE #1, at all times relevant has been the General Counsel for the U.S. Bureau of Prisons.

15.     DEFENDANT JOHN DOE #2, at all times relevant has been the Medical Director for Medical referrals for the U.S. Bureau of Prisons.

16.     DEFENDANT JOHN DOE #3, at all times relevant has been the Correctional Programs Division Assistant Director for non-medical referrals for the U.S. Bureau of Prisons.

17.     DEFENDANT JOHN DOE #4, at all times relevant has been the Director of the North Central Regional Office for the U.S. Bureau of Prisons.

18.     DEFENDANT MR. PATTERSON, at all times relevant has been the Captain, at FCI - GREENVILLE.

19.     DEFENDANT MR. HARKINS, at all times relevant has been the Classification Manager Coordinator (CMC), at FCI - GREENVILL.

20.     DEFENDANT MS. ROSALIN ROBINSON, at all times relevant has been the Function Unit Manager for Housing Unit(s) #1 & #2, at FCI - GREENVILLE.

21.     DEFENDANT MR. PEREZ, at all times relevant has been the (SIS) Lieutenant, for the Special Investigation Services, at FCI - GREENVILLE.

22.     DEFENDANT MR. SERIO, at all times relevant has been the (SIS) Lieutenant, for the Special Investigation Services, at FCI - GREENVILLE.

23.     DEFENDANT MRS. DUGDALE, at all times relevant has been the (SIS) Lieutenant, for the Special Investigation Services, at FCI - GREENVILLE.

24.     DEFENDANT MS. HODGES, at all times relevant has been the (SIS) Lieutenant, for the Special Investigation Services, at FCI - GREENVILLE.

25.     DEFENDANT MS. HERNANDEZ, at all times relevant has been the Chief Psychologist at FCI - GREENVILLE.

26.     DEFENDANT MS. HUSTON, at all times relevant has been the Housing Unit 2-A Case-

Manager, at FCI - GREENVILLE.

27.     DEFENDANT MRS. FITZPATRICK, at all times relevant has been the Supervisor over Receiving & Discharge (R & D) and the Mailroom, at FCI - GREENVILLE.

28.     DEFENDANT ALLEN, at all times relevant has been a Mailroom Staffmember, at FCI - GREENVILLE.

29.     DEFENDANT JONES, at all times relevant has been a Mailroom Staffmember, at FCI - GREENVILLE.

30.     DEFENDANT DOWDING, at all times relevant has been a Correctional Officer, at FCI - GREENVILLE.

STATEMENT OF FACT(s) AND CLAIM(s) FOR RELIEF

31.     Paragraph(s) 1 through 30, are incorporated by reference as if separately stated in these Fact(s) and Claim(s) for Relief, as if stated herein more fully below.

32.     An Institutional Audit, at FCI - GREENVILLE, is appropriate as such record(s) will set-forth a corresponding pattern and practice, which establises links where the actual Corruption of one staffmember implies personal influences and personal involvements of another staffmember, so that neither staffmember reveals or reports the Corruption of the other.

33.     "SHU Timeout(s)", is an unwritten Policy Created, developed, Encouraged and Tacitly Authorized by DEFENDANT(s) PATTERSON, DUGDALE, SERIO and Non-DEFENDANT T.G. WERLICH, and although mainly intended for white staffmembers to use these said "SHU Timeout(s)", on African American Prisoner(s)/Inmates, as a means to Condition African American Prisoners to have the Mentality that they are Niggar Slaves, whom must obey their white master(s), SHU Timeout(s), can still be independantly applied by white staff and/or interdependantly applied by any staff whom is Non-Black/Non-African American.
        "SHU Timeout(s)", both Derive and are rooted from the use of the SHU, without legal Justification and in absence of any penological interest, under the premise that African American Prisoner(s)/Inmate(s), are niggar slaves whom must obey their white master(s), or they will suffer the use of the SHU, as punitive action(s).
        The use of Unauthorized SHU Placement(s), or the Threat to Use Unauthorized SHU Placement(s) occurs either, to coerce African American Prisoner(s)/Inmates to operate as Informant(s), or to coerce, induce, or threaten African American Prisoner(s)/Inmates to not only stop exercising their right(s), but also to submit themselves to obey their so-called white masters. As, all of which, has the Invidious intent to condition African American Prisoner(s)/Inmates to subject themselves to have the Mentality that they are Niggar Slaves, whom must obey their White Master(s), or suffer the SHU, as punitive actions.
        See: Inmate Heard's Living Quarters Record, for the Date of April 15, 2020 until April 20, 2020, where Inmate Heard, whom is an African American Inmate, assigned to Housing Unit #2, at FCI - GREENVILLE and had already been on Lockdown status, due to the existing Security measure in place for the COVID-19 Pandemic. Note that, all Housing Unit #2-A Inmates at this time had been on Modified Lockdown. Yet, although already on lockdown in his Assigned Cell within H.U. 2-A, Inmate Heard had still been placed on such a said Racially/Ethnically Motivated "SHU Timeout", which equally resulted in his further Obvious Fear to report this Discrimination, especially after witnessing FCI-GREENVILLE Staff, Assault PLAINTIFF CLARK, whom while on Hunger Strike, had been forced without legal justification to share a cell-assignment with Inmate Heard, in the SHU. Inmate Heard, had not received any violation of rules Incident report, and the entire wing of Housing Unit 2-A, had witnessed the same Captain, DEFENDANT PATTERSON, issue this said "SHU Timeout", to Inmate Heard, without any legal justification. While in the presence of DEFENDANT WILLIAMS and Non-Defendant CHEEKS, whom had been present, although while failing to act.

34.     For the Act(s) in Furtherance as exhibited by DEFENDANT PATTERSON, see paragraph(s) #___, #___,

35.     For the Act(s) in Furtherance as exhibited by DEFENDANT DUGDALE, see paragraph(s)

#___, #___,

36.    For the Act(s) in Furtherance as exhibited by DEFENDANT HUSTON, see paragraph(s) #___, #___,

37.    For the Act(s) in Furtherance as exhibited by DEFENDANT SERIO, see paragraph(s) #___, #___,

38.    DEFENDANT PATTERSON, had been the CAPTAIN, whom conspired with DEFENDANT(s) DUGDALE, HUSTON & SERIO, exhibiting Malicious Aforethought.

39.    DEFENDANT PATTERSON, had exhibited Malicious Aforethought, where prior to CLARK & HENDERSON being escorted from Housing Unit 2-A, by DEFENDANT(s) DUGDALE & HUSTON, DEFENDANT PATTERSON, entered Housing Unit 2-A. And in response to the previous electronic complaint sent by PL. CLARK, DEFENDANT PATTERSON then attempted to Antagonize and Provoke a physical reaction from PL. CLARK, by repeatedly telling PL. CLARK, Outloud in the presence of both DEFENDANT(s) DUGDALE & HUSTON, along with the entire Wing of Inmates assigned to Housing Unit 2-A, to "Shut-up". As, all of which had occurred at the exact sametime that CLARK & HENDERSON had been issuing their verbal Complaint(s) and/or Grievances in support of the previous electronic complaint sent by CLARK, earlier this same exact day. These said issued verbal Complaint(s) had been stated to both DEFENDANT(s) PATTERSON & DUGDALE. Severe Emotional Distress was Inflicted. See: Paragraphs # 40 & # 45.

40.    DEFENDANT PATTERSON, had exhibited Malicious Aforethought, where then later DEFENDANT PATTERSON had entered the Captain's Office, as PL. HENDERSON and other SIS Staff had been awaiting. And DEFENDANT PATTERSON then threatened and stated to PL. HENDERSON that, "You are gonna be our Niggar Slave, in one way or the other. So, we can either take you to the SHU until you Agree to operate as our Informant against CLARK, or you can be the Niggar Slave that we planned for you to be and just agree right now to operate as our Informant. Either way we are still taking your ass to the SHU. So, you can go to the SHU to stay, or you can go to the SHU, so that we can put you there with CLARK while we make Our threats to Retaliate against him, if his ass keep filing electronic complaints and lawsuits and threats to retaliate against you for being around him. This way CLARK thinks that we had you in the CAPTAIN's Office to threaten you to stay away from him and we can tell you right there in front of CLARK that we are letting you out the SHU today. But, we are keeping CLARK on a SHU Timeout all weekend until Tuesday, so CLARK learns that when his White Master tells his Niggar Slave to Shut up, he better shut up, immediately."

41.    PL. HENDERSON was then, took to the SHU by DEFENDANT PEREZ and held there without being issued any written Notice (Lock-up Order). HENDERSON, then later agreed under Threat, Duress and coercion and then afterwards placed in the Holding Cage next to the Holding Cage CLARK was held in so that Retaliatory threats could be issued to both CLARK & HENDERSON, as a means to Convertly keep HENDERSON's Informant Status, further Concealed from CLARK, prior to HENDERSON's Release from the SHU this same day. Afterwards, HENDERSON was in fact Released from the SHU, this same exact day, while CLARK, was unlawfully and Unconstitutionally held in the SHU under further Restraint(s) of his Liberty and Property, without legal justification and without Written Notice issued, (Lock-up Order).

42.    DEFENDANT DUGDALE, had been the Special Investigation Services (SIS) Supervisor, whom conspired with DEFENDANT(s) PATTERSON, HUSTON & SERIO, exhibiting Malicious Aforethought.

43.    DEFENDANT HUSTON, had been the Casemanger for Housing Unit 2-A, and not a custody officer responsible for escorting Inmates to the SHU. DEFENDANT HUSTON, had been the Casemanger for Housing Unit 2-A, whom Conspired with DEFENDANT(s) PATTERSON, DUGDALE & SERIO, exhibiting Malicious Aforethought.

44.    DEFENDANT SERIO, had been a Technician for the Special Investigation Services, (SIS). And then later had been both the Special Investigation Services (SIS) Supervisor

and the Special Investigation Services Administrator, at FCI-GREENVILLE, whom Conspired with DEFENDANT(s) PATTERSON, DUGDALE & HUSTON, exhibiting Malicious Aforethought.

45.    DEFENDANT(s) DUGDALE & HUSTON, escorted both CLARK & HENDERSON from Housing Unit 2-A, without legal justification. While being Escorted, on or about Wednesday or Thursday which had been either the 18th or the 19th of September, for the year of 2019, both CLARK & HENDERSON had been threatened by DEFENDANT(s) DUGDALE & HUSTON. As, DEFENDANT DUGDALE had stated that, "You niggars are gonna learn that us white(s) are superior." And DEFENDANT HUSTON, had stated, "Or we will keep putting you niggars on SHU Timeout(s), until you see that you niggar slaves are gonna obey your white masters."
Once In front of the Captain's Office, DEFENDANT HUSTON escorted HENDERSON inside the Captain's Office without any Restraint(s), to await the arrival of DEFENDANT PATTERSON, While simultaneously CLARK was immediately placed in wrist Restraint(s) by DEFENDANT DUGDALE. And upon DEFENDANT HUSTON's Return, both DUGDALE & HUSTON, escorted CLARK to the SHU. Severe Emotional Distress was Inflicted by these Comment(s), suffered by PLAINTIFF(s).

46.    On this 18th or 19th day of September, for the year of 2019, DEFENDANT DUGDALE, at this time had been the Assigned Special Investigation Services (SIS) Supervisor, whom conspired with DEFENDANT(s) PATTERSON, HUSTON & SERIO and used her Authority as the (SIS) Supervisor to: (1) Assign DEFENDANT SERIO the assignment of having HENDERSON report to SERIO, while HENDERSON was Operating as an Informant, which had been planned previously with their intent to use the SHU Timeout to coerce HENDERSON into being an Informant; (2) Exhibit further Ultra Vires Conduct to ensure that herself and other SIS Staff, would deliberately fail to report the unlawful and unconstitutional conduct, along with the relevant SHU Timeout, where HENDERSON had been threatened with the SHU Timeout to coerce him to Operate as an Informant, without legal justification. And also where CLARK had suffered SHU Placement, without legal justification, from the 18th or 19th of September, for the year of 2019, until September 24, 2019, without providing a 3 day Review which is in violation of 28 CFR §541.26(a); (3) Additionally, ensuring that neither HENDERSON, nor CLARK had been issued any written notice, under 28 CFR §541.25(a), or any other Record(s), which is required to be created, or documented by DEFENDANT HERNANDEZ, under 28 CFR §541.32(b), See paragraph(s) #___,

47.    DEFENDANT SERIO, had exhibited Malicious Aforethought, where he had been initially a Technician for SIS, then later as previously planned DEFENDANT SERIO became both the SIS Supervisor and the Special Investigation Services Administrator, upon the Transfer of the prior SIS Supervisor, DEFENDANT DUGDALE. As, DEFENDANT SERIO, whom conspired with DEFENDANT(s) PATTERSON, DUGDALE & HUSTON and as a Technician for SIS had agreed prior to HENDERSON Operating as an Informant and also after HENDERSON had already been unlawfully and unconstitutionally compelled to operate as an informant, to be the specific SIS Staff whom HENDERSON would be assigned to Report to, while HENDERSON operated as an Informant.

48.    DEFENDANT SERIO, had exhibited Malicious Aforethought, where in addition, DEFENDANT SERIO had directed HENDERSON to adhere to the Order to not only report directly to himself and DEFENDANT HODGES, but to also further adhere to the Order requiring HENDERSON to report to any Staffmember(s), whom handled certain Department(s), which were readily available to HENDERSON, so that (1) Risk of exposure and exposure of the said Reporting would not occur; and (2) other retaliatory act(s) could now occur, not limited to: Conspiring to issue a Retaliatory Transfer of CLARK, See Paragraph(s) #___, #___, #___

49.    On Tuesday, September 24, 2019, Both PLAINTIFF CLARK and Non-PLAINTIFF KING, whom had shared the same Assigned SHU cell for the entire days of Thursday, Friday, Saturday, Sunday, Monday and Tuesday, where Thursday, Friday and Monday, equally constituted Three (3) days, which required the (SRO) Segregation Review Offical to conduct a Three day Review, under 28 CFR §541.26(a), also evidences the fact that, the said SHU Timeout, had been Ultra Vires Conduct, in excess of the Powers and Authority provided.
Tuesday, September 24, 2019 had been the Day of Release from the SHU and the said "SHU Timeout", where CLARK had been released from the SHU to Housing Unit 2-A, as the

entire population of Housing Unit 2-A Inmates, including PLAINTIFF HENDERSON, had witnessed both CLARK & KING, enter the Wing of 2-A, which had in fact occurred prior to Inmate KING being returned to the SHU, later that same day. And Inmate ALFORD & PLAINTIFF CLARK had became Assigned Cell-mates, in Cell # 204 of H.U. 2-A, after Inmate CARDRICAUS had moved from Cell # 204.

50.     On Tuesday September 24, 2019, HENDERSON immediately told CLARK about DEFENDANT(s) PATTERSON, DUGDALE, HUSTON & SERIO, using the Coercive SHU Timeout(s) to Unlawfully and Unconstitutionally Induce, threaten and compel an unwilling HENDERSON to operate as an Informant against CLARK.

     Further explaining clearly the fact that had HENDERSON not Agreed, then HENDERSON would have remained in the SHU, under SHU Timeout until he agreed and would not have been released from the SHU the same exact day, as HENDERSON would have been held in Restraint of his liberty, without any legal justification.

51.     Within the first two weeks of October, for the year of 2019, on some date unknown to PLAINTIFF(s) CLARK & HENDERSON, they each placed pre-paid postage on separate manilla colored, legal envelopes, with their separate Certified Mail Card, with the said envelopes each being addressed to NORTH CENTRAL REGIONAL Office, in Kansas City, Kansas, as each enveloped contained Administrative Remedy Form(s) and Typed-up requests for redress of grievances. And both PLAINTIFF(s) CLARK & HENDERSON placed these envelopes in the Outgoing U.S. Mail, sealed. However, these Legal mailed items had been unlawfully and Unconstitut-ionally seized, searched and disposed of, in violation of 28 CFR §540.10 et. seq., see: 28 CFR §540.10 - $540.25.

52.     On some date unknown to PLAINTIFF(s) CLARK & HENDERSON, within the first two weeks of October, for the year 2019, HENDERSON had explained to CLARK that he had just came from the Captain's Office where DEFENDANT SERIO had displayed the same two manilla colored legal envelope(s), Addressed to NORTH CENTRAL REGIONAL Office, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101, that Both CLARK & HENDERSON had previously placed in the Outgoing U.S. Mail, with prepaid postage to be sent by certified mail card(s), See Paragraph # 51.

     HENDERSON, had further explained to CLARK that DEFENDANT SERIO had also threatened HENDERSON, at first until HENDERSON had explained that CLARK had drafted the Administrative Remedy Request forms and the typed-up requests for redress of grievances, without use of any forms so fast that HENDERSON had no opportunity to sneak off and convertly report it to SERIO, prior to placing them in the mail.

     In response, DEFENDANT SERIO had directed HENDERSON to not only report directly to him, but also report to any available staffmember. While, simultaneously HENDERSON had observed DEFENDANT SERIO run all their document(s) through the shredder machine.

53.     Both HENDERSON and CLARK had agreed that for their own safety that it would be best for HENDERSON to maintain the appearance that he was actually operating as an Informant against CLARK. And also due to HENDERSON's obvious Fear and for their own safety it would be in their Best interest that prior to submitting any document(s) by mail, HENDERSON should Adhere to DEFENDANT SERIO's Directive to Report the Document(s) they were intending to place in the Outgoing U.S. MAIL, before attempting to submit them in the Outgoing Mail.

     Also, HENDERSON & CLARK had agreed that reporting directly to staff other than DEFENDANT SERIO had its advantages because it would reveal, whom was involved and whom was not involved.

54.     Every time that HENDERSON reported to a Staff that HENDERSON & CLARK had Documents they were ready to mail, DEFENDANT would wait until after those document(s) had been placed in the Outgoing U.S. Mail, then arrange for HENDERSON to meet him sometime afterward and once DEFENDANT SERIO had discussed those Document(s) with HENDERSON, then DEFENDANT SERIO would display to HENDERSON each siezed document and force HENDERSON to observe him dispose of each document, one by one, as if attempting to mentally and emotionally taunt HENDERSON.

55.     Between the Month of October, for the year of 2019, until the month of January for

the year of 2020, all BP 8's & BP 9's that PLAINTIFF(s) CLARK & HENDERSON submitted to Mr. Seely and DEFENDANT(s) ROBINSON, HUSTON & HARKINS, had been disposed of by DEFENDANT SERIO, along with not being logged in the SENTRY Computerized Database.

Just to name a few of these Complaint(s) submitted. Both CLARK & HENDERSON had each submitted their own complaint(s), which sought numerous changes in policy. One Complaint Addressed the deprivation of Access to updated, current and modern Computers and the corresponding computer software, such as Modern pdf file format(s), along with access to printers in order to print copies of the drafted legal document(s), at FCI-GREENVILLE, where currently computer(s) are only used to provide certain vocational computer processing classes, while none of these computers are being provided for legal work and/or drafting legal document(s), for both Criminal and Civil actions, especially Civil actions for violation of rights.

Another Complaint Addressed both the Nation-wide and institutional deprivation of access to a computerized and/or electronic means to file requests, under 28 CFR Section(s) §542.10 et. seq., §512.13 et. seq., & 18 USC §3582, along with 28 CFR §543.30 - §543.32.

56.    The said BP 8 has been used and can be used as a device for staff to shift through those submitted complaints, with the malicious intent to arbitrarily determine which complaints to file and which complaints not to file, based upon the personal involvement, or personal influences, that Institutional staff and non-institutional staff, have.

Especially those Prisoner(s)/Inmates, whom are subjected to full reliance upon Staff, while under assignment to the SHU and subjected to issuance of violation of rules incident reports, which are being issued without any Logged Tracking Number, known as the Incident Report Number, just as it is currently occurring at FCI-GREENVILLE.

57.    In addition, a nationwide and Institutional change of policy was sought via both the Administrative Remedy Program, 28 CFR §542.10 et. seq., & the Institutional Review Board, 28 CFR §512.13 et. seq., in order to address the Ongoing deprivation of Access to All the State Law. Such deprivation equally prejudices and injures all prisoners in BOP Custody, upon them suffering the Inability to Study, Research and draft Legal dcoument(s) to conduct legal proceedings for violation of their Right(s), property and/or interest or equity. As, such legal proceedings provides access to court claims due to claims for damages against employees of the BOP, are also claims of property.

58.    On some unknown date, in the month of February for the year of 2020 HENDERSON had arranged to meet with DEFENDANT(s) SERIO, PEREZ, PATTERSON and DUGDALE. And simply by the PLAINTIFF(s) reversing the DEFENDANT(s) own Tactics Against the DEFENDANT(s), both HENDERSON & CLARK had agreed that they could gather and would need to gather as much evidence against the DEFENDANT(s) as possible, where HENDERSON had explained to the DEFENDANT(s) present that in order to establish a case against CLARK, the DEFENDANT(s) had to Agree to let a "Photocopied version" of a Book Titled, THE REDEMPTION MANUAL, 5.0, Book Three, Operating Sovereign to be allowed into the Institution through Incoming U.S. Mail.

HENDERSON, then emphasized the fact that the reason that he needed their agreement and authorization was because it was a photocopied version of the Book, that would be sent and also that it would have to be processed as a General Mail Item, Not a Legal Mail item.

DEFENDANT(s) SERIO, PEREZ, PATTERSON & DUGDALE, informed HENDERSON that during their weekly SHU Meeting it would be discussed and only then afterwards could they inform him of the decision made.

59.    HENDERSON & CLARK, had agreed that the DEFENDANT(s) would automatically assume that the said REDEMPTION MANUAL would contain Unlawful, Unauthorized and illegal material simply due to the fact that Book Three was titled, Operating Sovereign. However, this said book was not only lawful, legal and constituted an invalid, irrational connection and an illegitimate government interest.

And this Setup would provide a reasonable basis for PLAINTIFF(s) CLARK & HENDERSON to expose the corrupt means to use an informant against CLARK without any legal justification, due to the fact that the DEFENDANT(s) would commit both Unlawful and Ultra Vires Act(s) and Conduct to ensure their corruption resulted in CLARK's suffering.

60.    On some date unknown to PLAINTIFF(s) CLARK & HENDERSON, which was some date in the last two week(s) of the month of February, for the Year 2020, it had been convertly arranged for HENDERSON to meet with DEFENDANT(s) PATTERSON, PEREZ & SERIO, whom had informed HENDERSON of the Concerns stated by the DEFENDANT(s), at the SHU meeting and stated at other times, after the SHU Meeting.

Both DEFENDANT(s) PATTERSON & SERIO, had informed HENDERSON that DEFENDANT(s) WILLIAMS, FITZPATRICK, JONES, ALLEN, ROBINSON, DUGDALE & HARKINS, along with DEFENDANT(s) PATTERSON & SERIO, all wanted to ensure that the Book would be only a photocopied version and also to ensure that this photocopied version of the Book would be sent directly to CLARK. In response HENDERSON said that CLARK would be sent the book and that it would be a photocopied version, which in return HENDERSON had been ensured that he could have the book sent when he was ready and that DEFENDANT(s) WILLIAMS, PATTERSON, SERIO, ROBINSON, HARKINS, DUGDALE, FITZPATRICK, JONES & ALLEN, had all agreed to this.

61.    On about March 03, 2020, PLAINTIFF(s) HENDERSON & CLARK had agreed that they must make this setup benefit them the most, so to gather as much evidenced PLAINTIFF(s) CLARK & HENDERSON began sending Electronic messages from HENDERSON's message account to DEFENDANT FITZPATRICK in an attempt to provoke a Electronic Response.

To accomplish this, references was made in electronic messages that the photocopied version of the Book had been sent as Legal Mail, instead of as General Mail, which had been the necessary bait, which DEFENDANT FITZPATRICK had took such Bait, where PLAINTIFF(s) CLARK & HENDERSON made it appear that there was also a possibility that HENDERSON was attempting to speak to DEFENDANT FITZPATRICK in coded messages, due to HENDERSON being in CLARK's presence. Then, PLAINTIFF(s) further made it appear that the plan to send the Photocopied version of the Book as General Mail had been changed. And that it should have already arrived by certified mail, which had been sent by an actual attorney. All of this is evidenced by the Electronic Record(s).

62.    As, evidenced by the Electronic Record(s) DEFENDANT FITZPATRICK had attempted to respond by speaking her own coded message to HENDERSON, by hinting that the mail needed to be sent as General Mail, so that it was not processed as legal mail, but processed as only General Mail.

63.    From March 03, 2020 until March 13, 2020, electronic messages had been sent back and forth between HENDERSON and the DEFENDANT(s), as evidenced by the Electronic Record(s). And the Item of Mail containing the photocopied version of the book had been in fact sent only as general mail, not legal mail that contained the phrase, Open in the presence of inmate -- Legal mail, thus the said mail item had arrived prior to March 13, 2020, on or about the date of March 06, 2020.

Where while the mail item had been addressed to HENDERSON, not CLARK and had been sent by certified mail, the said DEFENDANT(s) still implied the fraudulent claim that no mail had arrived, while at the very sametime, clearly admitting that all U.S. Mail was processed within Twenty-four (24) Hours of its arrival and then delivered within that same Twenty-four (24) hour period, no matter if it was legal mail or general mail.

64.    From March 06, 2020 until March 13, 2020 DEFENDANT SERIO had many messages repeatedly passed to HENDERSON by DEFENDANT(s) HUSTON, ROBINSON, WILLIAMS, HARKINS, PEREZ and Non-DEFENDANT MR. SEELY, which had directed HENDERSON in a convert manner to Report to DEFENDANT SERIO, Immediately.

However, HENDERSON deliberately failed to adhere to any of these directives, where DEFENDANT had personally passed his version of this message to HENDERSON on the same exact day that, both CLARK & HENDERSON had approached DEFENDANT WILLIAMS, one after the other and hand delivered their own written requests for the BOP to exercise the BOP's own Motion for 18 USC §3582 Motion, under 603(b), in light of the CORONA VIRUS and its risks and still to this very date no response in return has been issued to either PLAINTIFF.

65.    On Friday March 13, 2020 DEFENDANT SERIO was forced to page HENDERSON across the Institutional loud speaker, in order to make sure HENDERSON would adhere to his directive to report to the Captain's Office. DEFENDANT SERIO, had strategically waited to issue his

page over the institutional loud speaker, during a time where movement to all inmates was closed, to ensure that PLAINTIFF CLARK could not and would not also go along with HENDERSON to the Captain's Office.

66.     On the afternoon Recreation scheduled time, of March 13, 2020 HENDERSON arrived to the Captain's Office and when escorted to DEFENDANT SERIO's Desk, HENDERSON's Mail which contained the photocopied version of the Book Titled, REDEMPTION MANUAL 5.0, Book Three Operating Sovereign had been observed by HENDERSON, DEFENDANT SERIO had picked it up and indicated it while questioning HENDERSON about his action(s), stating to HENDERSON, that "he wanted to know why this book was not sent to CLARK?"

In response to HENDERSON stating that he would not neither operate as an informant, nor make any statements against CLARK, DEFENDANT SERIO had began immediately issuing threats that he would have HENDERSON's Sister, arrested by the FBI and while thrusting the book out in the direction of HENDERSON, DEFENDANT SERIO attempted to emphasize this by stating that he had already contacted the Law office that HENDERSON's sister works for and told the Lawyer, who's office it is that HENDERSON's sister had sent unlawful materials from her Law office as legal mail, with the phrase, Open in the presence of inmate -- Legal Mail.

The legal mail that DEFENDANT SERIO was referring to was the photocopied version of the Book titled, REDEMPTION MANUAL 5.0 Book Three Operating Sovereing, which had neither been sent as legal mail with the phrase, Open in the presence of inmate -- Legal Mail, nor did the said book contain any unauthorized materials, because it mainly contained Government approved forms and other scholarly information.

HENDERSON, still refused to operate as an informant against CLARK. And in response DEFENDANT SERIO stated, to HENDERSON, "what a waste. Now, you're gonna stay in the SHU Niggar, on SHU Timeout until you change your mind, or we come up with a way to transfer both of you NIGGAR(s)!" HENDERSON, was then immediately took to the SHU, which was about 2pm or 3pm on Friday March 13, 2020 and has remained there still to date.

67.     PLAINTIFF CLARK, had remained assigned to HOUSING UNIT 2-A from the date of Tuesday September 24, 2019 until April 17, 2020, when DEFENDANT(s) SERIO & PEREZ, along with Non-Defendant Schmidt, had arrived at his assigned cell #204 within 2-A and told CLARK to submit to wrist restraint(s) so that CLARK could be escorted by SCHMIDT, and DEFENDANT(s) SERIO & PEREZ to the SHU, in retaliation for the electronic complaint(s) which CLARK had been sending to the DEFENDANT(s) between the dates of Friday March 13, 2020 until sometime prior to Friday April 17, 2020.

68.     While being escorted to the SHU, DEFENDANT(s) SERIO & PEREZ issued retaliatory threats, by stating that, "Heard that your lawsuit just got dismissed, and now we are gonna teach you niggar, how a slave is suppose to obey his master", laughter followed after DEFENDANT SERIO stated this openly to CLARK. Severe Emotional distress was Inflicted.

Then DEFENDANT PEREZ said, "we found the perfect reason to transfer you now CLARK, and you will never be able to prove that we are only using HENDERSON's Investigation to Transfer you. You see what filing lawsuits and grievances gets you!"

69.     Upon entering the SHU, CLARK had been placed inside the SHU's law library room, immediately due to a disturbance occurring with other inmates. The SHU's law library has a food slot, mainly used for removing and placing restraint(s) on inmates, whom are placed in the law library.

While in the law library, Non-DEFENDANT MCNEELY, offered CLARK a food tray for his lunch meal. CLARK refused and declared hunger strike. See: 28 CFR §549.60 et. seq., §549.60 - §549.66. Also, see: Paragraph No. #33.

70.     Although CLARK had clearly declared hunger strike, CLARK had been forced to share a cell with a non-hunger strike inmate, whom was Inmate HEARD. See: Paragraph No. #33.

71.     It is a known unwritten policy of FCI-GREENVILLE, staff that, any inmate whom has declared hunger strike, while sharing a cell with another inmate whom is accepting his food trays, shall result in the inmate whom has declared hunger strike to not be considered to have been observed, not eating, although that said inmate has been not accepting any of

the offered food trays and has refused such food trays.

This said unwritten policy exist in excess of the powers and authority of the Sovereign, in violation of 28 CFR §549.61 & §549.62, where FCI-GREENVILLE, had deliberately induced, created and tacitly authorized staff to place CLARK under these particular circumstances and situation in order to create an opportunity to assault CLARK, and to have the opportunity to not document CLARK's Hunger strike, as both have been done with Malicious Aforethought, in retaliation for CLARK exercising his first amendment right to peaceful protest and his Federal regulatory right to Hunger strike.
See: DEFENDANT HERNANDEZ's SHU Report for April 19, 2020.

72. PLAINTIFF HENDERSON has submitted numerous formal administrative remedy request(s), to DEFENDANT(s) ROBINSON, HARKINS, BAGWELL & HUSTON, since his unlawful, unconstitutional and retaliatory placement in the SHU, on March 13, 2020, as upon Information and belief, all submitted remedy request(s), have been disposed of, or not processed, in violation of 28 CFR §541.26(d), §541.31(o) and §542.10 et. seq., these above stated DEFENDANT(s) are deliberately violating HENDERSON's right(s) with Malicious Aforethought and an intent to retaliate against him, due to him sending the said electronic complaints to DEFENDANT(s) FITZPATRICK & ALLEN, along with Non-DEFENDANT MR. CHEEKS.

73. PLAINTIFF CLARK has submitted numerous formal administrative remedy request(s), to DEFENDANT(s) ROBINSON, HARKINS, BAGWELL & HUSTON, since his unlawful, unconstitutional and retaliatory placement in the SHU, on April 17, 2020, as upon Information and belief, all submitted remedy request(s), have been disposed of, or not processed, in violation of 28 CFR §541.26(d), §541.31(o) and §542.10 et. seq., these above stated DEFENDANT(s) are deliberately violating CLARK's right(s) with Malicious Aforethought and an intent to retaliate against him, due to him sending electronic complaints to DEFENDANT(s) and due to him filing Habeas civil actions against DEFENDANT(s), seeking their Indemnity providers.

74. Both PLAINTIFF CLARK & HENDERSON have submitted remedy request(s) which have been not processed, or disposed of, stating complaint(s) for being deprived their Seven (7) day Review - Formal Hearing, being deprived their Thirty (30) day Review - Formal Hearing(s), which they are authorized by law to attend.

PLAINTIFF HENDERSON has been deprived attendance of his seven day formal hearing, and his thirty day review formal hearing(s) for the months of April, May, June and July, still to date, in violation of 28 CFR §541.26(b) & §541.26(c).

PLAINTIFF CLARK has been deprived attendance of his seven day formal hearing, and his thirty day review formal hearing(s) for the months of May, June and July, still to this very date, in violation of 28 CFR §541.26(b) & §541.26(c).

75. Both PLAINTIFF CLARK & HENDERSON have submitted Written Request(s), under 28 CFR §513.40 et. seq., for access to records, which are disclosable records located in the Inmate Central File, which this information is available without filing a FOIA Request(s). See: §513.40(a), which authorizes Inmate review of his or her Inmate Central File.

PLAINTIFF HENDERSON, has submitted these written requests to DEFENDANT(s) ROBINSON, HUSTON, WILLIAMS, HARKINS, PATTERSON & SERIO, for any said (PP10, Separatee Data Form), The said Mailed Book/Correspondence and the said Investigation File DEFENDANT SERIO had executed, with the recommendation for Transfer, along with also submitting several FOIA Request(s) for the same information, however DEFENDANT(s) FITZPATRICK, ALLEN and/or JONES under DEFENDANT(s) ROBINSON & SERIO's directives have seized and disposed of these prepaid mail items, which such is stated upon Information and belief, due to not being provided any response.

PLAINTIFF CLARK, has submitted these written requests to DEFENDANT(s) ROBINSON, HUSTON, WILLIAMS, HARKINS, PATTERSON & SERIO, for any said (PP10, Separatee Data Form), The said Investigation File DEFENDANT SERIO had executed, with the recommendation for Transfer, slong with also submitting several FOIA Request(s) for the same information, however DEFENDANT(s) FITZPATRICK, ALLEN and/or JONES under DEFENDANT(s) ROBINSON & SERIO's directives have seized and disposed of these prepaid mail items, which such is stated upon Information and belief, due to not being provided any response.

As, all of which has been occurring in excess of and/or in violation of the duties

cited within 28 CFR §540.10 et. seq., §540.10- §540.25 & §513., Access to Records.

76.    Both PLAINTIFF(s) CLARK & HENDERSON, have submitted repeated written Request(s) under 28 CFR §524.73(d), for immediate removal from participation in the said voluntary program, which neither PLAINTIFF(s) CLARK, or HENDERSON had authorized, nor had they provided any legal justification for, under 28 CFR §524.73(f). As, such (PP10 Form) had only been used and applied so that DEFENDANT(s) could place PLAINTIFF(s) CLARK & HENDERSON in a situation and under circumstances where Non-DEFENDANT(s) & DEFENDANT(s) could Assault CLARK & HENDERSON and then further issue a Retaliatory violation of Rules Incident Report, along with sanction(s), as more fully stated in Paragraph No. #___, and #___.

77.    On Thursday July 09, 2020, PLAINTIFF's CLARK's cell-mate Inmate EARL LOVE, had been moved from the Cell # ___, to A range.

78.    On the night of Thursday July 09, 2020 going into the morning of Friday July 10, 2020, FCI-GREENVILLE Midnight shift Staff had issued a cell move of PLAINTIFF HENDERSON from Cell #131 of B range to the Cell # 132 of B range, which made both PLAINTIFF HENDERSON & CLARK to be assigned Cellmates in Cell #132. Both CLARK & HENDERSON had remained Cellmates without any confrontation with one another, or any actions which had not been peaceful, as they consider one another to be their Brother and Bestfriend.

79.    PLAINTIFF HENDERSON & CLARK, had remained assigned cellmates, in a peaceful manner with one another and also peaceful with Staff and the DEFENDANT(s) from July 10, 2020, July 11, 2020, July 12, 2020 and July 13, 2020, where upon Malicious Aforethought of the DEFENDANT(s), on Monday July 13, 2020 Both PLAINTIFF(s) CLARK & HENDERSON, had not been informed, nor told that they had been on any separatee status with one another, nor had either PLAINTIFF(s) CLARK & HENDERSON requested to be placed on any separatee status, nor had PLAINTIFF(s) CLARK & HENDERSON been issued any written notification which had informed them that they had been placed on any separatee status, as such separatee designation, requires both notification and opportunity to sign that such a separatee designation has been noticed and voluntarily agreed, as authorized by 28 CFR §524.72, §524.72(f), §524.73(a) and §524.73(b), where then PLAINTIFF(s) CLARK & HENDERSON could have then upon being issued Written notification, exercised their right(s) to seek removal from any said Separatee Status and  Separatee Data Form, as authorized by 28 CFR §524.73(d).

80.    PLAINTIFF(s) HENDERSON & CLARK, while assigned cellmates, had been placed in a situation and placed under circumstances which had been Created, developed and tacitly authorized upon the Malicious Aforethought of the DEFENDANT(s), whom acted in furtherance to conspire to assault and exhibit an unlawful and unconstitutional use of force against PLAINTIFF(s) CLARK & HENDERSON without legal justification and in excess of their powers and authority provided by the Sovereign. All record(s) and/or camera footage shall provide the identities of the parties involved, including both the SENTRY database, the inmate central file and the violation of rules incident report and corresponding records.

81.    See: 28 CFR Section(s) 512.13 et. seq., 513.40 et. seq., 524.10 - 524.11, 540.2 et. seq., 540.10 et. seq., 541.1 - 541.8, 541.20 -541.33, 542.10 - 542.19, 543.10 - 543.16, 543.30 - 543.32, 549.60 - 549.66 & 552.20 -552.27, where the DEFENDANT(s) named herein either exhibited Act(s) and/or Ultra Vires Conduct in excess of their Authority or they exercised tacit authorization of violatile practices, as described herein, upon Paragraphs 1 through 80, are incorporated by reference as if separately stated herein.

82.    Paragraph(s) 1 through 81, are incorporated by reference as if separately stated, upon Discovery being conducted in this Case, to seek Record(s) that are both in the possession of the DEFENDANT(s), or are in the possession of the U.S. POST OFFICE, located in the City of Greenville, for the County of Bond. All sought Record(s) including, but not limited to the Record(s) of the BOP's SENTRY Computerized Database and Electronic message systems, equally evidences that DEFENDANT(s) WILLIAMS, SANTIAGO, BAGWELL, ROBINSON, HODGES, FITZPATRICK, ALLEN, DOWDING, HARKINS & HERNANDEZ, along with Non-DEFENDANT(s) T.G. WERLICH, SEELY & SCHMIDT, all had knowledge that the existing wrongs conspired to be done, had also evidenced their own neglect or refusal to prevent the commission of the same, as relevant to the fact(s), mentioned in Paragraph(s) #___,

83.    The FCI-GREENVILLE Institutional Mail system has been used, unlawfully and also unconstitutionally as a malicious and deliberate means to both prevent PLAINTIFF(s) CLARK & HENDERSON's Incoming and Outgoing Mail from reaching the intended mail recipient(s), where such mail has been siezed, or otherwise confiscated, as PLAINTIFF(s) will provide witnesses in addition to obtaining all U.S. POST OFFICE Mail Record(s), as evidence of this fact, upon discovery, thus upon Information and Belief the DEFENDANT(s) are the parties responsible for this Malicious Aforethought and Ultra Vires Conduct.

84.    The Affirmative misconduct of the DEFENDANT(s) are the cause of the PLAINTIFF(s)' inability to exhaust all administrative remedies, as they have been equally made unavailable to PLAINTIFF(s) CLARK & HENDERSON.

85.    In this Case Ultra Vires Conduct exists within the meaning issued in, Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457 (1948), where PLAINTIFF(s) do in fact intend to challenge any designation by the U.S. ATTORNEY GENERAL that all event(s), incident(s) and occurrence(s), have been executed by DEFENDANT(s) within the meaning of the scope of their employment and duties, as authorized by the SOVEREIGN, as PLAINTIFF(s) also raise claim(s) of personal injury under State Law, and allege that such violations of state law, had not been in the scope of their employment, where Paragraph(s) 1 through 84, are incorporated by reference as if separately stated, herein.

86.    On information and belief, PLAINTIFF(s) CLARK & HENDERSON have made each issue & claim raise herein, clearly known to the DEFENDANT(s).

87.    Duties under 28 CFR §0.95 & §0.97 are in fact owed to PLAINTIFF(s) CLARK & HENDERSON.

88.    For the Year of 2019, in the Month of September, on some date unknown to PLAINTIFF(s) CLARK & HENDERSON, DEFENDANT(s) PATTERSON, DUGDALE, SERIO & HUSTON, had agreed to engage in a Racially and/or Ethnically Discriminatory Civil Conspiracy and/or Concerted Act(s) for an unlawful and unconstitutional purpose, which occurred both in excess of their authority and powers and in absence of such granted by the Sovereign, where the Moving Force behind these Ultra Vires act(s) and conduct of the DEFENDANT(s), had been with Malicious Aforethought and had been intended to Maliciously and capriciously Condition African American Prisoner(s)/Inmates to have the Mentality that they are "Niggar Slaves", and that White Staffmember(s) are their White Master(s).

89.    PLAINTIFF(s) have been equally deprived of Right(s) under the law(s) of the United States, under the U.S. Constitution and State law, & Emotional Distress was Inflicted.

90.    For the year 2019, on some Date After Tuesday September 24, 2019, that is currently unknown to PLAINTIFF(s), but shall be revealed to PLAINTIFF(s) upon Discovery, but which had occurred between September 24, 2019 and October for the year of 2019, DEFENDANT(s) SERIO, FITZPATRICK, ALLEN & JONES had agreed to closely monitor and/or seize both CLARK's and HENDERSON's Out-going and Incoming Mail, where despite this fact being based upon Information and Belief, PLAINTIFF(s) CLARK & HENDERSON believe that DEFENDANT(s) ALLEN, JONES & FITZPATRICK had exercised their positions in the mailroom so that any mail that had been addressed to CLARK or HENDERSON and had also been addressed to any BOP or U.S DEPARTMENT OF JUSTICE Employee(s), especially those issuing complaint(s) against the staff of FCI-GREENVILLE, would then be unlawfully and unconstitutionally seized and then forwarded to DEFENDANT(s) SERIO, HODGES, DUGDALE and/or PATTERSON, without any legal justification.

91.    PLAINTIFF(s) also raises claims that the current and ongoing Confinement in light of COVID-19, is both Unconstitutional in violation of the 5th and 8th amendment(s), along with being in violation of the Code of Federal Regulations, stated in paragraph(s) # 81 & # 87.

92.    DEFENDANT(s) WILLIAM BARR, MICHAEL CARVAJAL and JOHN DOE #1, #2, #3 & #4, have all exercised Tacit authorization of violative practices, in light of COVID-19, where both under 18 USC §3582(a), which authorizes in its first part the appropriate authority for the Director of the Bureau of Prisons to exercise its own motion for a reduction of sentence

however, Tacit authorization has been issued to BOP Institution(s), to only protray the view that the BOP is providing a reasonable means for Prisoner(s) to exercise their right(s) to seek redress and any Prisoner whom attempts to exercise such right(s) in light of COVID-19 are being retaliated against. And also Information about those whom have been affected here at FCI-GREENVILLE, is being kept concealed, with respect to several staffmember(s) whom have tested positive for COVID-19.

BOP and ATTORNEY GENERAL for the UNITED STATES, are fully aware that COVID-19 is not an ordinary incident of prison life and continue to issue retaliatory acts against any inmates whom attempt to make it publicly known that it impossible for Inmates to completely rely soley upon the Staff within both the BOP & FCI-GREENVILLE, although those same staff are prone to make human error.

Several Inmates, whom have been took to the Outside Hospital, have return to FCI-GREENVILLE, and have been placed right back in the same exact cells that they have been previously assigned to prior to leaving. As, Discovery will reveal, thus placing PLAINTIFF(s) CLARK & HENDERSON and all other similarly situated Inmates, at a pervasive risk of harm, injury and death.

93.    See: the Inmate Living Quarters Record for PLAINTIFF(s) CLARK & HENDERSON, from the month of SEPTEMBER for the year of 2019, until the date of July 20, 2020.

PLAINTIFF HENDERSON, had arrived here on Thursday September 12, 2019. PLAINTIFF CLARK, had arrived here on about July of 2018. And both PLAINTIFF HENDERSON & CLARK, are currently assigned to the SHU, for this Month of July for the year of 2020.

94.    DEFENDANT DOWDING, assisted the said unknown named SHU Supervisor, and failed to report the Ultra Vires Conduct with respect to Paragragh(s) #65 & #66.

95.    The State of Missouri is the domocil, which the law attributes to PLAINTIFF CLARK. And Missouri is also the domocil from which PLAINTIFF CLARK has no intention of moving and to which is the place he has the Intention of Returning. See: Paragraph(s) #3 & #4.

96.    The State of Missouri is the Domocil, which the law attributes to PLAINTIFF HENDERSON. And Missouri is also the Domocil from which PLAINTIFF HENDERSON has no intention of moving and to which is the place he has the intention of Returning.

PLAINTIFF HENDERSON, as a Father and Parent to his two (2) biological daughters are Domestic Relation(s), which exist as legal consequences, as The State of Missouri is also the Assigned Domocil at Birth for PLAINTIFF HENDERSON, along with both of his Daughter(s). See: Paragraph(s) #3 & #4.

97.    On Information and Belief, the exercising of the right to bring a civil suit for damages, is a form of property that is protected by the 5th Amendment to the CONSTITUTION for the UNITED STATES, along with the State Law(s) and the State Constitution for both Missouri & Illinois. As, Severe Emotional Distress was Inflicted on PLAINTIFF(s).

98.    On Information and Belief, the exercising of the Right to bring a civil suit for damages, is a form of property, protected by the 5th Amendment to the U.S. Constitution, which both PLAINTIFF(s) CLARK & HENDERSON, are equally alleging. While all the different kinds of relief sought herein, by both PLAINTIFF(s) CLARK & HENDERSON, both exceeds the Amount of $75,000 and also springs from the same state of fact(s), event(s), or occurrence(s) and therefore are connected with the same subject of action.

99.    On Information and Belief, DEFENDANT(s) WILLIAM BARR & MICHAEL CARVAJAL have Breached their duties under 28 CFR §0.95, §0.96 & §0.97, due to their own inaction(s), or action(s), exercised by them either Jointly, or severally, where they Tacitly Authorized, an existing Systematic pattern and practice and/or an existing unwritten policy that stemmed from existing written policies, which provides opportunities for Staff to engage in a failure to process submitted request form(s), or not provide the necessary request form(s), for the unlawful purpose of Retaliation and/or Affirmative misconduct that prevents equal protection of the law(s) and also prevents Exhaustion of Administrative Remedies, in violation of 28 CFR §542.10 et. seq., especially where all remedies sought are directed at Redemption, the Ultra Vires Conduct of Staff, Civil suits

for damages which is a form of property, Policy and Contact Information for the Indemnity or Insurance Provider(s) for Staff and Infectious Diseases, which are Not Ordinary Incident(s) of prison life, such as COVID-19. See: Paragraph # 56.

100.    On Information and Belief, DEFENDANT(s) WILLIAM BARR & MICHAEL CARVAJAL have Breached their duties under 28 CFR §0.95, §0.96 & §0.97, due to their own inaction(s), or action(s), exercised by them either Jointly, or severally, where they Tacitly Authorized, an existing systematic pattern and practice and/or an existing unwritten policy that stemmed from existing written regulations and written policies that provides opportunities for staff to engage in a failure to process submitted request(s), under 28 CFR §512.13 et. seq., or §524.73(d), or §542.10 et. seq., or §543.30 - §543.32, or 18 USC §3582, for an unlawful purpose of Retaliation and/or Affirmative misconduct, which prevents equal protection of the law(s) and/or equal treatment, right to civil suits for damages to be sought, which is a form of property and also prevents exhaustion of Administrative Remedies, in violation of 28 CFR §512.13 et. seq., §524.73(d), §542.10 et. seq., §543.30 -§543.32, and 18 USC §3582 and 5th Amendment right(s) to property, equal protection of the law(s) and procedural due process. Especially where all remedies sought are directed at Redemption, the Ultra Vires Conduct of Staff, Civil Suits for damages, which is a form of property, policy and contact information for the Indemnity, or Insurance Provider(s) for Staff and Infectious Diseases, which are Not Ordinary Incident(s) of prison life, such as COVID-19. See: Paragraph # 56.

101.    As linked to the above paragraph(s) # 99 & # 100, DEFENDANT(s) BARR & CARVAJAL, along with JOHN DOE #1, JOHN DOE #2, JOHN DOE #3 & JOHN DOE #4, they have also, either Collectively, or severally Tacitly Authorized, as more fully described in the above Paragraph(s) # 99 & # 100. See also, Paragraph # 56.

102.    On Information and Belief, DEFENDANT(s) WILLIAMS, BAGWELL, SANTIAGO, PATTERSON, HARKINS, ROBINSON, PEREZ, SERIO, DUGDALE, HODGES, HERNANDEZ, FITZPATRICK, HUSTON, ALLEN, JONES & DOWDING, intend to dispute, where a controversy exists over whether a private duty to not engage in Ultra Vires Conduct and/or Ultra Vires Act(s) is a ministerial duty that is owed by the aboved named DEFENDANT(s), both collectively and severally.
        And also a Controversy exists over whether a Bond exists, a security exists, an Indemnity, or other Contract exists, linked to Any Ultra Virus Conduct, which had been committed by any of the above named DEFENDANT(s).

103.    PLAINTIFF(s) CLARK & HENDERSON, Seek changes in Policy, which afford(s) all Bureau of Prisons Inmates' their own Access to submit and file electronic, or computerized Request(s) and Complaint(s), under 28 CFR §512.13 et. seq., §524.73(d), §542.10 et. seq., §543.30 - §543.32, 18 USC §3582, while being both in the SHU and in General Population, as linked to Paragraph(s) # 56, # 99, # 100, # 101 & # 102.

104.    COUNT #1, 1985(3) Conspiracy to Racially/Ethnically Discriminate, where DEFENDANT(s) PATTERSON, DUGDALE, HUSTON & SERIO, indirectly or directly deprived right(s) of PLAINTIFF CLARK & HENDERSON, to not suffer Invidious Discrimination and injuries, due to being African American.

105.    COUNT # 2, 1986 for neglect to prevent commission of §1985(3), where DEFENDANT(s) WILLIAMS, BAGWELL, SANTIAGO, HARKINS, ROBINSON, PEREZ, HODGES, HERNANDEZ, FITZPATRICK, HUSTON, ALLEN, JONES & DOWDING, indirectly or directly deprived rights of PLAINTIFF(s) CLARK & HENDERSON, to not suffer neglect to prevent commission of §1985(3).

106.    COUNT #3, State Law Intentional infliction of Emotional Distress Claim, Against DEFENDANT(s) PATTERSON, DUGDALE & HUSTON, whom each exhibited conduct which had been extreme and outrageous, where they each knew that their statement was a high probability to cause the PLAINTIFF(s) severe emotional distress and in fact by each making comment(s), referencing that the PLAINTIFF(s), was "niggars" "whites are superior" "SHU Timeout(s)" & "Niggars slaves", along with the fact that the PLAINTIFF(s) was gonna "obey their white masters", all of which did in fact cause the PLAINTIFF(s) severe emotional distress.

107.    COUNT # 4, State Law Intentional Infliction of Emotional Distress Claim, Against

DEFENDANT SERIO, whom exhibited conduct which had been extreme and outrageous, where he knew that his statement was a high probability to cause PLAINTIFF CLARK, severe emotional distress and in fact by him making the comment, "Heard that your lawsuit just got dismissed, and now we are gonna teach you niggar, how slave is suppose to obey his master", such statement did in fact cause PLAINTIFF CLARK severe emotional distress.

108.    COUNT # 5, State Law Civil Conspiracy to commit Intentional Infliction of Emotional Distress Claim, Against DEFENDANT(s) PATTERSON, DUGDALE, HUSTON & SERIO, where for the unlawful purpose of exhibiting racial/ethnic discrimination in violation of the civil right(s) of PLAINTIFF(s) CLARK & HENDERSON, each DEFENDANT acted in concert to cause severe emotional distress to be inflicted upon PLAINTIFF(s) CLARK & HENDERSON, as equally evidenced by the comment(s) and/or action(s), alleged in paragraph(s) # 33, # 39, # 40, # 45, & # 68.

109.    COUNT # 6, DECLARATORY RELIEF Claim, under 28 USC §2201 & §2202, Against DEFENDANT(s) WILLIAM BARR, CARVAJAL, WILLIAMS, JOHN DOE # 1, JOHN DOE # 2, JOHN DOE # 3, JOHN DOE # 4, HARKINS & ROBINSON, where under 18 USC §3582(c), in its first part, both PLAINTIFF(s) seek a Declaration of legal rights and legal relations, with respect to the existing COVID-19 and its risks, equally constituting extraordinary and compelling reasons, under §3582(c)(1)(A) and/or 28 CFR §571.61 to authorized the DEFENDANT(s) to act upon their ability to exercise the "Motion of the Bureau of Prisons, to seek to modify a sentence for extraordinary and compelling reasons", of COVID-19.

110.    COUNT # 7, DECLARATORY RELIEF Claim, under 28 USC §2201 & §2202, Against DEFENDANT(s) WILLIAM BARR, CARVAJAL, WILLIAMS, BAGWELL, JOHN DOE # 1, JOHN DOE # 3, JOHN DOE # 4, & SANTIAGO, where PLAINTIFF(s) CLARK & HENDERSON both seek to Jointly obtain a Declaration of legal rights and legal relations, with respect to the existing contoversy over PLAINTIFF(s) assert that a dispute exists upon the DEFENDANT(s) stating that the PLAINTIFF(s) are being allowed to submit written request(s) and complaint(s), under 28 CFR §512.13 et. seq., §524.73(d), §542.10 et. seq., §543.30 - §543.32 and 18 USC §3582(c)(1)(A), while the PLAINTIFF(s) are stating that not only are they not being allowed, or afforded these right(s) and privileges, but PLAINTIFF(s) are further stating that, the DEFENDANT(s) have continued to unlawfully restrain the PLAINTIFF(s) in the SHU, under a retaliatory transfer based upon a fraudulent investigation, as an unlawful means to ensure that PLAINTIFF(s) cannot exercise such right(s) and privileges.

111.    COUNT # 8, DECLARATORY RELIEF Claim, under 28 USC §2201 & §2202, Against DEFENDANT(s) WILLIAM BARR, CARVAJAL, WILLIAMS, BAGWELL & JOHN DOE # 1, JOHN DOE # 3-# 4, where CLARK & HENDERSON Jointly seek a Declaration of legal rights and legal relations, with respect to being deprived access to all state law, both Nation-wide and also at FCI-GREENVILLE.

112.    COUNT # 9, DECLARATORY RELIEF Claim, under 28 USC §2201 & §2202, Against DEFENDANT(s) BARR, CARVAJAL, WILLIAMS, JOHN DOE #1 & JOHN DOE # 3- # 4, where CLARK & HENDERSON jointly seek a Declaration of legal rights and legal relations, with respect to being deprived access to submit request(s) for Removal from separatee status and a request detailing a three course program which combines a State of Missouri Dep't. of Corr.'s Victims Impact Restorative justice program, a financial program based upon Redemption & Home confinement, aimed at lowering recidivism rates and providing rehabilation to inmates in federal prisons, under 28 CFR §524.73(d) & §512.13 et. seq., upon the fact that a controversy exists between the PLAINTIFF(s) & the DEFENDANT(s), as the failure to adhere to the existing regulations, has resulted from the DEFENDANT(s) only asserting the appearance that Inmates like PLAINTIFF(s) CLARK & HENDERSON are being afforded access to submit request(s), under these said regulation(s).

113.    COUNT # 10, DECLARATORY RELIEF Claim, under 28 USC §2201 & §2202, Against DEFENDANT(s) BARR, CARVAJAL, WILLIAMS, JOHN DOE # 1, JOHN DOE # 3- # 4, SERIO & ROBINSON, where CLARK & HENDERSON Jointly seek a Declaration of legal rights and legal relations, with respect to being deprived access to disclosure of the said Investigation file and their Inmate Central File, in violation of 28 CFR §513.40(a) and also with respect to deprivation of access to attend their hearing every Thirty (30) days and

further being provided notice of administrative detention, which had occurred on the 18th, or 19th of September, 2019, in violation of 28 CFR §541.20- §541.33.

114.    COUNT # 11, DECLARATORY RELIEF Claim, under 28 USC §2201 & §2202, Against DEFENDANT(s) BARR, CARVAJAL, WILLIAM, SANTIAGO, JOHN DOE # 1, JOHN DOE # 2- # 3, SERIO & ROBINSON, where CLARK & HENDERSON Jointly seek a Declaration of legal rights and legal relations, with respect to being deprived the notice requirement(s) of Due Process and property, upon an existing controversy between the DEFENDANT(s) & PLAINTIFF(s) CLARK & HENDERSON, due to the DEFENDANT(s) fraudulent claims that the contents of the photocopied book titled, REDEMPTION MANUAL 5.0, Book Three Operating Sovereign, are unlawful or otherwise unauthorized material due to some unknown penalogical interest and that some evidence exists that the said Book had been sent as legal mail with the phrase, Open in the presence of Inmate, as it had not been sent as general mail as all the record(s), clearly display.

115.    WHEREFORE, with respect to Paragraph(s) 1 through 114, they are incorporated by Reference, as if separately stated, as PLAINTIFF(s) CLARK & HENDERSON both Respectfully request(s) that this Court Grant the Following Relief.

116.    DECLARE the right(s) and legal relation(s), as sought in COUNT(s) # 6-- # 11, which are stated in Paragraph(s) 109 through 114, which are incoporated by reference, as if separately stated, along with Paragraph(s) #1 through #115.

117.    Order a Jury Trial for COUNT(s) #1 - # 5, which seeks Damages for the Ultra Vires Conduct of the DEFENDANT(s), named therein.

118.    PLAINTIFF CLARK seeks Compensatory damages, for the §1985(3), which resulted in him suffering the injurious illegal confinement and punishment for five or six days, which he seeks $1,000 per day, severally from each DEFENDANT and $5,000 per day, collectively from each DEFENDANT.
        PLAINTIFF HENDERSON seeks Compensatory damages, for the §1985(3) Claim, which resulted in him suffering the injurious illegal confinement and punishment for the date of the 18th, or 19th of 2019, which he seeks $1,000 severally from each DEFENDANT and $5,000, collectively from each DEFENDANT.
        While, in addition PLAINTIFF HENDERSON seeks $125 per day severally from each DEFENDANT and $125 per day, collectively from each DEFENDANT, from the Date of September 24, 2019 until March 13, 2010, due to being forced to suffer the Racial and/or Ethnic Invidious Discrimination "obedience to white masters, as a slave niggar", mentality while operating an Informant against his will. A total of $84,500, severally & Collectively

119.    PLAINTIFF(s) CLARK & HENDERSON seeks Compensatory damages, for the §1986 Claim, where both PLAINTIFF(s) CLARK & HENDERSON seeks Compensatory damages in the amount of $50, per day severally from each DEFENDANT and $50 per day collectively from each DEFENDANT.

120.    PLAINTIFF(s) CLARK & HENDERSON both seek Compensatory damages, for COUNT(s) #3, #4 & #5, in the amount of $2,500, severally from each DEFENDANT for each Count and also $2,500, collectively from each DEFENDANT for each Count.

121.    PLAINTIFF(s) CLARK & HENDERSON seeks Punitive Damages, which are Twice the amount that are paid in Compensatory Damages.

122.    AWARD, PLAINTIFF all costs and Fee(s) and/or Expenses, for this lawsuit, accordingly.

123.    Paragraph(s) 1 through 123, are incorporated by Reference, as if separately stated, herein with respect to All Fact(s) and paragraph(s) are true and correct to the best of PLAINTIFF(s) CLARK's & HENDERSON's Knowledge, Information and Belief, where:
I, SACOREY CLARK and also I, LAVERNE HENDERSON, declare and verify, as to 28 U.S.C. §1746, that the foregoing Complaint is true and correct under penalty of perjury for the laws of the United States of America.

Respectfully Submitted,

PLAINTIFF('s) SACOREY CLARK &
LAVERNE HENDERSON,

Certified Mail # 7019 1120 0000 5854 _____

Dated: July 27, 2020

PLAINTIFF SACOREY CLARK, Signature

PLAINTIFF LAVERNE HENDERSON, Signature

PLAINTIFF(s) SACOREY CLARK &
LAVERNE HENDERSON
FCI-GREENVILLE
P.O. BOX 5000
GREENVILLE, IL. 62246



CHARLES COATES # 16149-016
Federal Correctional Institution - Greenville
P.O. Box 5000
GREENVILLE, ILLINOIS 62246

M. CLERK of the U.S. District Court
U.S. Southern District of Illinois
750 MISSOURI AVENUE
EAST SAINT LOUIS, IL. 62205

CERTIFIED MAIL®

7019 1120 0000 5854 2054

U.S. POSTAGE PAID
FCM LG ENV
GREENVILLE, IL
62246
JUL 29, 20
AMOUNT $0.00
R2305K134459-07

UNITED STATES POSTAL SERVICE

1099

62205



RECEIVED

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE