IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SACOREY CLARK, #45720-044, and<br>LAVERNE HENDERSON, #14239-035,<br><br>       Plaintiffs,<br><br>vs.<br><br>E. WILLIAMS,<br>JAY BAGWELL,<br>MS. SANTIAGO,<br>MR. PATTERSON,<br>MR. HARKINS,<br>ROSALIN ROBINSON,<br>MR. PEREZ,<br>MR. SERIO,<br>MRS. DUGDALE,<br>MS. HODGES,<br>MS. HUSTON,<br>MRS. FITZPATRICK,<br>MR. ALLEN,<br>MR. JONES,<br>MR. DOWDING,<br>T.G. WERLICH,<br>MR. CHEEKS,<br>MR. SCHMIDT,<br>W. PHILLIPS,<br>T. PHILLIPS,<br>A. WELLS,<br>A. DOMINGUIEZ,<br>M. PUCKETT,<br>and MR. SEELY,<br><br>       Defendants. | )))))))))))))))))))))))))))))))) | Case No. 20-cv-00749-JPG |

## ORDER SEVERING CASE

**GILBERT, District Judge:**

On July 31, 2020, Plaintiffs Sacorey Clark and Laverne Henderson filed this action together pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1, pp. 1-33). In the Complaint, Plaintiffs complain of numerous violations of their rights

1

under federal and state law at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). (*Id*.). They seek declaratory and monetary relief. (*Id*.).

On August 5, 2020, this Court entered an order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 5). Plaintiffs were advised of the risks and obligations of group litigation. Sacorey Clark was designated as the lead plaintiff. (*Id*. at 4). Laverne Henderson was given the opportunity to notify the Court of his intention to proceed in the group action, sever his claims into a separate suit, or dismiss his claims altogether. Each plaintiff was ordered to prepay the $400.00 filing fee for this action or file a properly completed Motion for Leave to Proceed *in forma pauperis* ("IFP motion"). Their deadline for doing so was September 1, 2020. (*Id*. at 5-6).

Plaintiffs missed this deadline. They instead filed a First Amended Complaint on September 14, 2020. (Doc. 8). The Court accepted this document as confirmation that Plaintiffs intended to proceed with group litigation. (Doc. 10). However, the Court deferred preliminary review of the First Amended Complaint until they prepaid the filing fee or filed an IFP motion. (*Id*.). Plaintiffs were given a new deadline of September 28, 2020. (*Id*.).

On September 17, 2020, Plaintiffs filed IFP motions and a Response, in which they sought additional time to sever the action into two separate matters, among other things. (Doc. 11-13). The Court construes the Response as a request to sever Laverne Henderson's claims into a separate case. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and sever Plaintiff Henderson's claims at this time.

This is due, in part, to Plaintiffs' request. (*See* Doc. 13). The Court also notes that Plaintiffs are no longer housed in the same facility. Plaintiff Henderson remains incarcerated at FCI-

Greenville, but Plaintiff Clark has transferred to the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). Coordinating group litigation from two facilities is difficult under the best of circumstances. The additional difficulties posed by the pandemic make communication and coordinated efforts between the plaintiffs even less efficient and effective. Moreover, their claims arise from numerous incidents that occurred on different dates, involve separate defendants, and share little in common. To simplify this litigation and move it forward most efficiently, the Court deems it necessary to sever Plaintiff Henderson's claims into a separate action.

The Clerk will be directed to open a newly-severed case naming Plaintiff Henderson as the only plaintiff. He will be responsible for the filing fee in the severed case, *but not this case*. The Clerk of Court will be directed to file his IFP motions (Docs. 12 and 17) therein.

Plaintiffs Clark and Henderson will each have time to prepare separate complaints *focusing only on their claims*. Plaintiffs should each entitle his complaint as the "Second Amended Complaint" and use the case number assigned to *his particular case*. Plaintiffs are **WARNED** that failure to timely file a Second Amended Complaint that focuses only on his claims by the below deadline provides grounds for dismissal of that plaintiff's case. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that **ALL CLAIMS** involving Plaintiff **LAVERNE HENDERSON** are **SEVERED** into a new case, which shall be captioned: **LAVERNE HENDERSON, Plaintiff vs. E. WILLIAMS,** *et al.***, Defendants.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) First Amended Complaint (Doc. 8);
2) Consent / Non-Consent to United State Magistrate Judge (Doc. 3);
3) Laverne Henderson's IFP motions (Docs. 12 and 17); and
4) This Memorandum and Order Severing Case.

3

On or before **December 14, 2020**, Plaintiff Clark is **ORDERED** to file a "Second Amended Complaint" focusing only on his claims against the defendants *in this action*, and Plaintiff Henderson is **ORDERED** to file a "Second Amended Complaint" focusing only on his claims against the defendants *in the newly-severed case*. Should a plaintiff fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, his entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). It is strongly recommended that each Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should list the case number associated with his own action on the first page. To enable Plaintiffs to comply with this Order, the **CLERK** is **DIRECTED** to mail each Plaintiff a blank civil rights complaint form.

**IT IS ORDERED** that Plaintiff **LAVERNE HENDERSON** is **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** this Plaintiff as a party to *this action* in CM/ECF.

**IT IS ORDERED** that the pending Motions for Leave to Proceed *in forma pauperis* filed by Laverne Henderson (Docs. 12 and 17) are **TERMINATED** herein. Plaintiff Henderson's IFP motions will be addressed in the severed case.

The **only claims remaining in this action** are **ALL CLAIMS** asserted by Plaintiff **SACOREY CLARK** against all Defendants. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **SACOREY CLARK, Plaintiff vs. E. WILLIAMS, *et al.*, Defendants.**

Finally, Plaintiffs are **ADVISED** of their continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution.  FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 11/13/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
