## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SACOREY CLARK, #45720-044,      )
                                     )
            Plaintiff,        )
                                     )
vs.                           )       Case No. 20-cv-00749-JPG
                                     )
E. WILLIAMS, *et al.*,          )
                                     )
           Defendants.     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Plaintiff Sacorey Clark's Motion for Reconsideration of the Order Severing Case. (Doc. 22). In the motion, Clark challenges this Court's discretionary decision to sever all claims brought by Plaintiff Laverne Henderson into a separate suit. (*Id*.). He also seeks recusal of the undersigned Judge. (*Id*.). For the reasons set forth herein, the motion shall be **DENIED**.

## Background

Sacorey Clark and Laverne Henderson originally filed this action together pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, they complained of numerous violations of their rights under federal and state law at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"). (*Id*.). They requested declaratory and monetary relief. (*Id*.).

In a *Boriboune* Order[1] entered August 5, 2020, Plaintiffs were advised of the risks and obligations associated with group litigation. (Doc. 5). They were ordered to notify the Court in

---

[1] *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

writing whether they wished to proceed together in this group action.  The deadline for doing so was September 1, 2020.  Plaintiffs missed the deadline.  Instead, on September 14, 2020, Plaintiff filed a First Amended Complaint.  (Doc. 8).  Although the Court accepted this document as evidence of their desire to proceed with group litigation, Plaintiffs then filed IFP motions and Responses seeking additional time to sever the action into two separate matters.  (Docs. 11-13).

The Court then exercised its discretion and severed each Plaintiff's claims into separate suits in an Order Severing Case entered November 13, 2020.  (Doc. 19) (citing FED. R. CIV. P. 21; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)).  The Court noted that the numerous claims involved different facts, defendants, and legal theories.  Moreover, the two plaintiffs were no longer housed together at the same facility, and coordinating group litigation would be difficult under the best of circumstances.  The ongoing pandemic posed additional difficulties with communication and coordination of efforts that weighed in favor of severance.  To simplify and expedite litigation, the Court deemed it necessary to sever Plaintiff Henderson's claims into a separate lawsuit.

## Motion for Reconsideration

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Clark seeks reconsideration of the severance decision.  (Doc. 22).  He asserts that many claims set forth in the First Amended Complaint stem from the same events, share a common nucleus of operative fact, and involve the same defendants.  (*Id*.).  The plaintiffs' incarceration at two different facilities should not pose difficulties, if the Court appoints "stand-by counsel," orders telephonic or videoconference hearings, uses all available technology to facilitate group litigation, suspends all in-person participation in alternative dispute resolution or hearings, and enters a proposed standing order specifically targeting delays caused by the ongoing COVID-19 pandemic  (*Id*.).

Clark also seeks recusal of the undersigned Judge due to allegations of bias. (*Id*.). He notes that the Court's Orders are signed and filed three or more days before being mailed. (*Id*.). The Order Severing Case requires him to draft "unnecessary [and] unwarranted documents" necessitating use of too much paper, postage, and other legal supplies. (*Id*.). Clark also argues that the Order Severing Case reflects this Judge's bias against prisoners generally and unfairly prejudices the plaintiffs in litigation by creating more work for both of them. (*Id*.).

## <u>Discussion</u>

### A.    Reconsideration of Order Severing Case

Although Rule 60 is not the right procedural tool for seeking reconsideration of a nonfinal order, the Court construes *pro se* filings liberally. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Looking past the label, Clark's motion plainly seeks reconsideration of this Court's nonfinal Order Severing Case (Doc. 19). The district court may reconsider an interlocutory order at any time before final judgment. *See Terry v. Spencer*, 888 F.3d 890, 893-94 (7th Cir. 2018) (citing *Mintz v. Caterpillar Inc*., 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)). Given this, the Court will take up the motion.

Decisions regarding severance are highly discretionary. *See* FED. R. CIV. P. 18, 20-21; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Rule 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). District courts also have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. And, Rule 1 obligates the Court

to take steps necessary to ensure the "just, speedy, and inexpensive determination" of each case. FED. R. CIV. P. 1.

Clark seeks to undertake the very difficult task of pursuing group litigation of 11 or more claims against 25 defendants as described in a 236-paragraph First Amended Complaint. (Doc. 8). The document is written in narrative form and is far from clear. At a minimum, it addresses claims of racial discrimination, conspiracy, assault, battery, and a host of other state law claims.

However, different facts support each plaintiff's claims. This is particularly true when it comes to exhaustion of administrative remedies. 42 U.S.C. § 1997(e). The Prison Litigation Reform Act requires each Plaintiff to exhaust all available administrative remedies before bringing suit. *Id*. Defendants may raise exhaustion as an affirmative defense for one plaintiff and not the other, necessitating separate tracks and evidentiary hearings before the case can proceed.

Plaintiffs are also incarcerated at separate facilities in two different states. Although they may have been housed near one another when preparing the original Complaint, their present separation makes group litigation impracticable. As this case proceeds, it will become more difficult to coordinate efforts, obtain required signatures, and conduct necessary discovery to move this matter forward in a focused and expeditious manner. After all, inmates are frequently moved from one place to another, whether they are transferred within the same facility, moved to new facilities, or released from confinement altogether. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (convicted prisoner can be relocated at any time without notice). In this case, Plaintiffs have already parted ways. As a result, it will be difficult, if not impossible, to review, sign, and file pleadings together in an efficient manner. Contrary to Clark's argument, both plaintiffs will incur significant additional costs and experience related delays in the process. Moreover, it will be unnecessarily difficult to coordinate discovery.

4

For each of these reasons, the Court previously found that allowing the plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, and unfairness.  (Doc. 19). Relying on its inherent authority to add or drop a party on just terms at any time and its related obligation to ensure the "just, speedy, and inexpensive determination" of this case, the Court acted within its discretion when severing Plaintiff Laverne Henderson's claims into a separate case.  *See* FED. R. CIV. P. 1, 18, 20-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).  Reconsideration of this decision yields the same conclusion.

But Clark is not without recourse.  The Order Severing Case does not preclude him from discussing, strategizing, or coordinating with Plaintiff Henderson.  It also does not foreclose consolidation of one or more claims at a later stage in litigation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  For now, however, the Court finds that its decision to sever Plaintiff Henderson's claims into a separate action was proper.  Clark's motion for reconsideration shall therefore be **DENIED**.

## B.    Motion for Recusal of Judge

Clark also seeks recusal of the undersigned Judge from this matter.  (Doc. 22).  He specifically complains of bias in the Order Severing Case (Doc. 19) and delay in mailing certain orders to him.  (*Id.*).  The Court construes this request as a motion seeking recusal of the judge under 28 U.S.C. § 455 or 28 U.S.C. § 144.

Section 455 presents two situations in which a federal judge is expected to recuse himself. *See* 28 U.S.C. § 455(a)-(b).  Under § 455(a), recusal is mandatory in any proceeding in which the judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Under § 455(b), a judge is also expected to recuse himself when any of the five statutorily prescribed criteria can be

shown to exist.  28 U.S.C. § 455(b)(1)-(5).[2]  Plaintiff points to none of these grounds in support of his request for recusal, and the Court is aware of no such grounds for recusal in this matter.

Recusal under § 144 is appropriate "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  *See* 28 U.S.C. § 144.  The affidavit must state "the facts and the reasons for the belief that bias or prejudice exists."  *Id*.  It must be accompanied by a certificate of counsel of record stating that the affidavit is made in good faith.  *Id*.  Plaintiff's motion satisfies none of these requirements, and his complaints of judicial bias arising from an unfavorable ruling or delay in mailing orders provide inadequate grounds for this request.  For the above reasons, Plaintiff's motion seeking recusal of the undersigned judge shall also be **DENIED**.

<u>**Disposition**</u>

Plaintiff Clark's Motion for Reconsideration (Doc. 22) is **DENIED in its entirety**. Plaintiff Clark has not filed the Second Amended Complaint that was due on or before December 14, 2020.  This is despite the Court's warning that failure to timely file a Second Amended Complaint in compliance with the Order Severing Case (Doc. 19) provides grounds for

---

[2] Section 455(b)(1) calls for disqualification in any proceeding in which a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning that proceeding."  *Id*.  Section 455(b)(2) requires disqualification where a judge, among other things, served as a lawyer in the matter while in private practice.  *Id*.  Section 455(b)(3) calls for disqualification when a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  *Id*.  Section 455(b)(4) mandates disqualification when a judge knows that he, as an individual or a fiduciary, or his spouse or minor child residing in the household has a financial interest in the subject matter in controversy or any other interest that could be substantially affected by the outcome.  *Id*.  Section 455(b)(5) requires disqualification when an individual who shares a certain relationship with the judge is also named as a party to the proceeding.  *Id*.

dismissal of his case.  *See* FED. R. CIV. P. 41(b).  The Court will *sua sponte* grant Plaintiff Clark an extension of this deadline.

Accordingly, on or before **June 14, 2021**, Plaintiff Clark is **ORDERED** to file a "Second Amended Complaint" *focusing only on his claims against the defendants in this action*.  Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, his entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal may also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "Second Amended Complaint," and he should list the case number associated with this action on the first page (Case No. 20-cv-749-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff another blank civil rights complaint form.

Finally, Plaintiff is again **ADVISED** of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/14/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

7