IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SACOREY CLARK, #45720-044, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00749-JPG |
| | ) |
| E. WILLIAMS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff Sacorey Clark's Second Motion for Reconsideration of the Order Severing Case and Request for Extension of Time to File Second Amended Complaint. (Doc. 26). For the reasons set forth herein, Clark's Second Motion for Reconsideration is **DENIED**, and his Motion for Extension of Time to File Second Amended Complaint is **GRANTED**.

### Background

On July 31, 2020, Plaintiffs Sacorey Clark and Laverne Henderson filed this action together pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to address miscellaneous violations of their rights at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). (Doc. 1). This Court entered an initial order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), advising both plaintiffs of the risks and obligations of group litigation. (Doc. 5). Clark was designated as the lead plaintiff in this action, and Henderson was given an opportunity to proceed with Clark in the group action, sever his claims into a separate suit, or dismiss his claims altogether. (*Id*. at 4).

1

In addition, each plaintiff was ordered to prepay the $400.00 filing fee or file a properly completed Motion for Leave to Proceed *in forma pauperis* ("IFP motion"). (*Id*. at 5-6). Both plaintiffs missed these deadlines but filed a First Amended Complaint instead. (Doc. 8). The Court deferred preliminary review of the First Amended Complaint until they complied with the order to either prepay the filing fee or file an IFP motion. (*Id*.).

On September 17, 2020, Plaintiffs filed IFP motions and a Response, in which they sought additional time to sever the action into two separate matters. (Docs. 11-13). The Court construed the Response as a request to sever the non-lead plaintiff's claims into a separate case and exercised its discretion to do so. (Doc. 19) (citing FED. R. CIV. P. 21; *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)). On November 16, 2020, Henderson's claims were severed into a new suit. *See Henderson v. Williams, et al.*, Case No. 20-cv-1240-JPG (S.D. Ill.) ("severed case").

Less than a month later on December 10, 2020, Henderson filed a Motion for Voluntary Dismissal. (Doc. 7, severed case). Pursuant to the motion, Henderson notified the Court of his intention to dismiss the severed suit pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Accordingly, the severed case was dismissed without prejudice on December 11, 2020. (Doc. 8, severed case).

Clark then filed his first Motion to Reconsider Order Severing Case on December 15, 2020. (Doc. 22). He filed the motion five days after Henderson voluntarily dismissed the severed suit. (Doc. 7, severed case). Henderson did not sign or otherwise join in the motion. (Doc. 22). The Court took up the motion and denied it on May 14, 2021. (Doc. 23). Clark was ordered to file a Second Amended Complaint no later than July 14, 2021. (Doc. 25).

**Second Motion for Reconsideration**

Instead of filing a Second Amended Complaint by the deadline, Clark filed a Second Motion to Reconsider on July 12, 2021.  (Doc. 26).  Clark seeks reconsideration of the Order Denying Motion to Reconsider Order Severing Case  (Docs. 22 and 23) and Order Granting Motion for Extension to File Second Amended Complaint (Doc. 25).  He maintains that this Court's prior Order Denying Motion for Reconsideration (Doc. 23) represents a misapplication of Rule 60 of the Federal Rules of Civil Procedure ("Rule 60") and amounts to deliberate indifference on the part of the Court.  Like the first motion, Clark brings this second motion pursuant to Rule 60.  (*Id*.).  Henderson has not signed or joined in the motion.  (*Id*.).

Clark also describes injuries he sustained to his teeth during a prison guard's assault of him at the Federal Correctional Institution in Memphis, Tennessee, on June 24, 2021.  (Doc. 26, pp. 1-2).  He claims that this assault and his subsequent placement in the special housing unit ("SHU") could have been avoided, if the undersigned judge understood the difficulties he faced in obtaining legal supplies as an indigent inmate in the custody of the Federal Bureau of Prisons ("BOP").  (*Id.* at 2).  He mentions an "affirmative link" between this Court and the assault, but he fails to explain any connection between the two.  (*Id*.).  Clark renews his request for relief under Rule 60, as well as a video conference and appointment of counsel.  (*Id*.).

**Analysis**

Rule 60 is not the right procedural tool for seeking reconsideration of a nonfinal order.  *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008).  The Court nevertheless construes *pro se* filings liberally.  *Id*.  When looking to the substance of the instant motion, the Court finds that Clark again seeks reconsideration of this Court's nonfinal Order Severing Case (*see* Docs. 19 and 23).  The district court may reconsider an interlocutory order at any time before final judgment.

3

*See Terry v. Spencer*, 888 F.3d 890, 893-94 (7th Cir. 2018) (citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)). Pursuant to this authority, the Court will take up the motion.

When doing so, the Court incorporates the Order Denying First Motion for Reconsideration (Doc. 23) by reference herein. As previously explained, the decision to sever Henderson's claims into a separate suit was discretionary. *See* FED. R. CIV. P. 18, 20-21. Clark attempted to pursue group litigation of 11 or more claims against 25 defendants as described in a 236-paragraph First Amended Complaint with a co-plaintiff (Henderson) who was housed at a different facility in a different state. (Doc. 8). The facts supporting each plaintiff's claims are unique, and the applicable legal standards may also be different. Group litigation is always challenging, but particularly so when plaintiffs are housed at separate facilities. It is difficult, if not impossible, to review, sign, and file pleadings together or coordinate discovery. Group litigation is also costly and, often, inefficient.

It is also worth emphasizing that Henderson opted out of litigation in December 2020, when he filed a motion seeking voluntary dismissal of his severed suit. (Doc. 7, severed case). That case was dismissed, and he has taken no steps to reopen it or file a new suit. Henderson has also declined to join Clark in any motions seeking reconsideration of the Order Severing Case herein. By all indications, Henderson does not want to join Clark in this litigation.

And, as the Court already pointed out, the two individuals are not prohibited from working together. The Order Severing Case does not prevent them from discussing, strategizing, or coordinating their efforts. It also does not foreclose consolidation of one or more claims at a later stage in litigation. However, the Court finds that its decision to sever Henderson's claims into a separate action was proper. The Second Motion for Reconsideration shall therefore be denied.

4

To the extent Clark seeks to bring new claims based on an assault that occurred at FCI-Memphis, he is free to pursue in a separate lawsuit in the proper venue.

## Conclusion

**IT IS ORDERED** that Clark's Second Motion for Reconsideration (Doc. 26) is **DENIED**, and Clark's Second Motion for Extension of Time to File Second Amended Complaint (Doc. 26) is **GRANTED**.

The Second Amended Complaint is due on or before **DECEMBER 14, 2021**. Clark is **WARNED** that failure to comply with this deadline shall result in dismissal of this action for lack of compliance with a court order and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

Clark is again **ADVISED** of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 11/16/2021

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**