IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SACOREY CLARK, #45720-044, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00749-JPG |
| | ) |
| E. WILLIAMS, JAY BAGWELL, | ) |
| MS. SANTIAGO, MR. PATTERSON, | ) |
| MR. HARKINS, ROSALIN ROBINSON, | ) |
| MR. PEREZ, MR. SERIO, | ) |
| MRS. DUGDALE, MS. HODGES, | ) |
| MS. HERNANDEZ, MS. HUSTON, | ) |
| MRS. FITZPATRICK, MR. ALLEN, | ) |
| MR. JONES, MR. DOWDING, | ) |
| T.G. WERLICH, MR. CHEEKS, | ) |
| MR. SCHMIDT, W. PHILLIPS, | ) |
| T. PHILLIPS, A. WELLS, | ) |
| A. DOMINGUIEZ, M. PUCKETT, | ) |
| and MR. SEELY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On July 31, 2020, Plaintiffs Sacorey Clark and Laverne Henderson filed this action together pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), to address constitutional deprivations that occurred at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). (Doc. 1). Before the Court screened the original Complaint, Plaintiffs Clark and Henderson filed an Amended Complaint on September 14, 2020. (Doc. 8). On November 13, 2020, the Court entered an Order severing Plaintiff Henderson's claims in the Amended Complaint into a separate suit[1] and ordered Plaintiff Clark to file a Second

---

[1] Henderson subsequently filed a motion seeking voluntary dismissal of the severed case, and the Court granted the motion and dismissed the severed case on December 11, 2020. *See Henderson v. Williams, et al.*, Case No. 20-cv-1240-JPG (S.D. Ill.) (Doc. 7).

1

Amended Complaint focusing only on his claims. (Doc. 19). Plaintiff Clark's Second Amended Complaint was due no later than December 14, 2020. (*Id.*).

Instead of filing a Second Amended Complaint, Plaintiff Clark filed a motion seeking reconsideration of the Order Severing Case. (Doc. 22). He argued that Plaintiff Henderson's claims should proceed with his claims in this action. (*Id.*). This Court denied the motion on May 14, 2021, and again ordered him to file a Second Amended Complaint, this time no later than June 14, 2021. (Doc. 23). Plaintiff Clark was, once again, warned that failure to do so would result in dismissal of this action with prejudice. (*Id.*) (citing FED. R. CIV. P. 41(b)).

During the next six months, Plaintiff Clark filed three motions for extensions of the deadline to submit his Second Amended Complaint (*see* Docs. 24, 26, and 29). The Court granted every motion, each time warning Plaintiff Clark that failure to file his Second Amended Complaint by the new deadline would result in dismissal of the action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims (*see* Docs. 25, 28, and 30).

The Court's final Order (Doc. 30) was returned undeliverable to the Court (Doc. 31). Plaintiff Clark has since missed the fifth deadline for filing his Second Amended Complaint, and he has not requested another extension. More than a year has passed since the Second Amended Complaint was originally due, and the Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Orders to file a Second Amended Complaint and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders to file a Second Amended Complaint (Docs. 19, 23, 25, 28, and 30) and prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*,

128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does <u>not</u> count as a "strike" within the meaning of Section 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly. **IT IS SO ORDERED.**

**DATED: 1/28/2022**            s/J. Phil Gilbert
                                **J. PHIL GILBERT**
                                **United States District Judge**